UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHANNON BRUCE MORELY,<br><br>       Plaintiff,<br><br> v.<br><br>COWLITZ COUNTY JAIL, et al.,<br><br>       Defendants. | No. C10-5022 RBL/KLS<br><br>ORDER TO AMEND OR SHOW CAUSE |

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff Shannon Bruce Morely, who is presently confined at the Cowlitz County Jail in Longview, Washington, has been granted leave to proceed *in forma pauperis.*

Before the Court for review is Mr. Morely's complaint in which he purports to sue the Cowlitz County Jail, Cowlitz County and the State of Washington. Dkt. 1-1. After review of the proposed complaint, the court finds and orders as follows.

## I. DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a

ORDER TO AMEND OR SHOW CAUSE - 1

defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

At the outset, the court notes that it is unclear whether Mr. Morley seeks to sue the Cowlitz County Jail staff only or the Cowlitz County Jail staff, Cowlitz County, and the State of Washington. Dkt. 1-1, pp. 1-2. In addition, based on his allegations, Mr. Morley has failed to state a claim for relief against any of these entities.

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

Plaintiff also must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n. 58 (1978). A theory of respondeat superior is not sufficient to state a section 1983 claim. *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982).

Personal participation is connected to causation. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts and omissions are alleged to have caused a constitutional violation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir.1988).

In order to set forth a claim against a municipality under 42 U.S.C. § 1983, a plaintiff must show that the defendant's employees or agents acted through an official custom, pattern or

ORDER TO AMEND OR SHOW CAUSE - 3

policy that permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct. See *Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir.1991). Municipal liability would not attach for acts of negligence by employees of the jail or for an unconstitutional act by a non policy-making employee. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1234-35 (9th Cir.1989). Evidence of mistakes by adequately trained personnel or the occurrence of a single incident of unconstitutional action by a non policy-making employee is not sufficient to show the existence of an unconstitutional custom or policy. *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir.1989).

Mr. Morley has failed to name any individual who has violated his constitutional rights. In addition, he has failed to identify a policy, practice, or custom of the Cowlitz County Jail that is at issue in this case. Municipal liability would not attach for acts of negligence by employees of the jail or for an unconstitutional act by a non policy-making employee. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1234-35 (9th Cir.1989). Accordingly, absent allegations of a policy, practice, or custom of the Cowlitz County Jail, the Cowlitz County Jail is not a proper party to this action and should be dismissed.

Additionally, and to the extent that Plaintiff is attempting to sue the State of Washington, he is advised that the State of Washington is not a "person" for purposes of a § 1983 action.

The Eleventh Amendment reads in relevant part:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

ORDER TO AMEND OR SHOW CAUSE - 4

U.S. Const. Amend XI. Under the Eleventh Amendment, therefore, a state is not subject to suit by its own citizens in federal court. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Accordingly, plaintiff may not sue Washington State in this Court.

Section 1983 authorizes assertion of a claim for relief against a "person" who acted under color of state law. A suable § 1983 "person" encompasses state and local officials sued in their personal capacities, municipal entities, and municipal officials sued in an official capacity. *See also, Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Mr. Morley must name an individual defendant or defendants who, acting under color of state law, violated his constitutional rights.

Due to the deficiencies described above, the Court will not serve the complaint. Mr. Morely may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **March 5, 2010.** If Mr. Morley chooses to file an amended complaint, which seeks relief cognizable under 42 U.S.C. § 1983, his amended complaint shall consist of a short and plain statement showing that he is entitled to relief, and he must allege with specificity the following:

1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

2) the dates on which the conduct of each defendant allegedly took place; and

3) the specific conduct or action Plaintiff alleges is unconstitutional.

Mr. Morley shall set forth his factual allegations in separately numbered paragraphs. The amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint. Mr. Morely shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference,

ORDER TO AMEND OR SHOW CAUSE - 5

and it must be clearly labelled the "First Amended Complaint" and must carry the same cause number as this one. Additionally, Plaintiff must submit a copy of the "First Amended Complaint" for service on each named Defendant.

If Mr. Morely decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **March 5, 2010**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**The Clerk is directed to send Mr. Morley the appropriate form for filing a 42 U.S.C. 1983 civil rights complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

Dated this __11th__ day of February, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE - 6