UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHANNON BRUCE MORLEY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SHARON BOGINSKE and MARIN FOX HIGHT,<br><br>　　　　　　Defendants. | No. C10-5022 RBL/KLS<br><br>**REPORT AND RECOMMENDATION**<br>Noted for:  December 24, 2010 |

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff has been granted *in forma pauperis* (IFP) status. ECF No. 3.   Defendants move to dismiss this action for violation of 28 U.S.C. § 1915(g) or in the alternative, to revoke Plaintiff's IFP status and dismiss this case unless Plaintiff pays the full filing fee. ECF No. 23.  Having reviewed the motion and supporting declaration and exhibits (ECF Nos. 23 and 24), Plaintiff's response (ECF No. 28), Defendants' reply (ECF No. 29), and balance of the record, the court finds that Plaintiff's IFP status should be revoked and this case dismissed unless Plaintiff pays the full $350.00 filing fee.

## DISCUSSION

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

REPORT AND RECOMMENDATION - 1

28 U.S.C. § 1915(g).

Pursuant to Section 1915, notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or

    (B) the action or appeal--

        (i)   is frivolous or malicious;

        (ii)  fails to state a claim on which relief may be granted; or

        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(a).

If defendants challenge a plaintiff's IFP status, then the initial production burden rests with the defendants. *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). When challenging a prisoner's IFP status, the defendants must produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were "frivolous, malicious or fail[ed] to state a claim." *Id.* (citing 28 U.S.C. § 1915(g)). In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike. However, in many instances, the docket records will not reflect the basis for the dismissal. In these instances, the defendants may not simply rest on the fact of the dismissal. *Id*. Rather, the defendants must produce court records or other documentation that will allow the district court to determine that a prior case was dismissed because it was "frivolous, malicious or fail[ed] to state a claim." *Id.* (citing 28 U.S.C. § 1915(g)).

REPORT AND RECOMMENDATION - 2

Once the defendants have met this initial burden, the burden then shifts to the prisoner, who must attempt to rebut the defendants' showing by explaining why a prior dismissal should not count as a strike. *Id*.

In his Amended Complaint, Plaintiff states that he previously brought three lawsuits in "any federal court in the United States while a prisoner." ECF No. 8, p. 1. He further identifies one of the lawsuits as having been brought in the Eastern District of Washington and states that the case was "settled." *Id.*, pp. 1-2. However, Defendants' review of the records for the United States District Courts for the Eastern District of Washington and the District of Idaho reveals that Plaintiff has filed a multitude of actions in those courts while incarcerated or detained in a facility. In particular, on or about November 19, 2009 an Order to Show Cause was entered in the United States District Court for the Eastern District of Washington in *Morley v. Spokane County,* Case No. CV-09-325-EFS. In that Order, District Judge Shea noted that Plaintiff had previously filed three or more civil actions in that court that had been dismissed as frivolous or for failure to state a claim. ECF No. 24, Exh. 1 (*Morley v. Thomas, et al.,* CS-02-310-CI; *Morley v. Spokane County Jail, et al.*, CV-04-5047-LRS; and *Morley v. Department of Corrections, et al.*, CV-04-5092-LRS). Judge Shea also noted in his Order to Show Cause that Plaintiff had filed at least eight other cases within that district; however, when Plaintiff filed his lawsuit in Case No. CV-09-325-EFS, Plaintiff stated under oath that he had filed only three prior lawsuits while a prisoner. ECF No. 24, Exh. 1, p. 2. On January 4, 2010 the Eastern District entered an Order denying the Plaintiff's Application to Proceed IFP under 28 U.S.C. § 1915(g). ECF No. 24, Exh. 2.

In its Initial Review Order dated May 17, 2010 in Case No. CV09-539-CWD, the United States District Court for the District of Idaho noted an earlier suit Plaintiff filed in that district.

REPORT AND RECOMMENDATION - 3

ECF No. 24, Exh. 3.  Counsel for Defendants' further review of that district's court records disclosed a third civil rights complaint filed by Plaintiff under Case No. CV09-00314-N-MHW. ECF No. 24, p. 2.

Thus, the evidence before the court reflects that Plaintiff has previously filed three or more civil actions that were dismissed as frivolous or for failure to state a claim.  In addition, the evidence reflects that Plaintiff has filed at least eleven civil rights lawsuits in the Eastern District of Washington and the District of Idaho while he was incarcerated, but that he failed to disclose the true extent of the prior civil actions he has filed when he signed the complaint in this action.

Plaintiff does not deny that the complaint he signed under penalty of perjury and filed in this case misrepresented the number of lawsuits he has filed in federal court while a prisoner. ECF No. 28.  Plaintiff also does not deny that he was previously denied the opportunity to proceed IFP in the Eastern District of Washington because he had previously filed three actions dismissed as frivolous for failure to state a claim.  *Id.*  He merely claims that "the alleged violation is a technicality that has nothing to do" with the allegations set forth in his complaint. ECF No. 28.

Once a prisoner has been placed on notice of the potential disqualification under 28 U.S.C. § 1915(g), the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status.  *See Andrews v. King*, 398 F.3d at 1120.  Plaintiff has not done so. In addition, Plaintiff's current complaint (ECF No. 8) does not involve allegations that Plaintiff is under imminent danger of serious physical injury.  In his complaint, Plaintiff complains that the mail clerk and jail supervisor "misplaced [his] legal mail on purpose."  ECF No. 8, p. 3.

REPORT AND RECOMMENDATION - 4

**CONCLUSION**

In light of the foregoing, the court finds that Plaintiff has, on three or more prior occasions, while incarcerated or detained in a facility, brought an action in a court of the United States that was dismissed on the grounds that it is frivolous or fails to state a claim upon which relief may be granted, and that Plaintiff was not in imminent danger of serious physical injury at the time the complaint was filed in this action.   Accordingly, it is recommended that:

    1)    Defendants' motion to dismiss (ECF No. 23) be **DENIED**.

    2)    Defendants' motion to revoke Plaintiff's IFP status (ECF No. 23) be **GRANTED**.

    3)    This Court's February 10, 2010 Order which granted Plaintiff leave to proceed IFP be vacated.

    4)    Plaintiff shall be required to pay the $350.00 filing fee for this action in full within thirty days of the date of service of this Order or the action shall be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 24, 2010**, as noted in the caption.

DATED this 2nd day of December, 2010.

*(signature)*
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5